**EXHIBIT**

C

*Insolvency Act 1986*          c. 45          65

(3) Subsection (2) does not apply in relation to the powers of the directors—          PART IV

(a) to dispose of perishable goods and other goods the value of which is likely to diminish if they are not immediately disposed of, and

(b) to do all such other things as may be necessary for the protection of the company's assets.

(4) If the directors of the company without reasonable excuse fail to comply with this section, they are liable to a fine.

**115.** All expenses properly incurred in the winding up, including the remuneration of the liquidator, are payable out of the company's assets in priority to all other claims.          Expenses of voluntary winding up.

**116.** The voluntary winding up of a company does not bar the right of any creditor or contributory to have it wound up by the court; but in the case of an application by a contributory the court must be satisfied that the rights of the contributories will be prejudiced by a voluntary winding up.          Saving for certain rights.

CHAPTER VI

WINDING UP BY THE COURT

*Jurisdiction (England and Wales)*

**117.**—(1) The High Court has jurisdiction to wind up any company registered in England and Wales.          High Court and county court jurisdiction.

(2) Where the amount of a company's share capital paid up or credited as paid up does not exceed £120,000, then (subject to this section) the county court of the district in which the company's registered office is situated has concurrent jurisdiction with the High Court to wind up the company.

(3) The money sum for the time being specified in subsection (2) is subject to increase or reduction by order under section 416 in Part XV.

(4) The Lord Chancellor may by order in a statutory instrument exclude a county court from having winding-up jurisdiction, and for the purposes of that jurisdiction may attach its district, or any part thereof, to any other county court, and may by statutory instrument revoke or vary any such order.

In exercising the powers of this section, the Lord Chancellor shall provide that a county court is not to have winding-up jurisdiction unless it has for the time being jurisdiction for the purposes of Parts VIII to XI of this Act (individual insolvency).

66      c. 45      *Insolvency Act 1986*

PART IV

(5) Every court in England and Wales having winding-up jurisdiction has for the purposes of that jurisdiction all the powers of the High Court; and every prescribed officer of the court shall perform any duties which an officer of the High Court may discharge by order of a judge of that court or otherwise in relation to winding up.

(6) For the purposes of this section, a company's " registered office " is the place which has longest been its registered office during the 6 months immediately preceding the presentation of the petition for winding up.

Proceedings taken in wrong court.

**118.**—(1) Nothing in section 117 invalidates a proceeding by reason of its being taken in the wrong court.

(2) The winding up of a company by the court in England and Wales, or any proceedings in the winding up, may be retained in the court in which the proceedings were commenced, although it may not be the court in which they ought to have been commenced.

Proceedings in county court; case stated for High Court.

**119.**—(1) If any question arises in any winding-up proceedings in a county court which all the parties to the proceedings, or which one of them and the judge of the court, desire to have determined in the first instance in the High Court, the judge shall state the facts in the form of a special case for the opinion of the High Court.

(2) Thereupon the special case and the proceedings (or such of them as may be required) shall be transmitted to the High Court for the purposes of the determination.

### *Jurisdiction (Scotland)*

Court of Session and sheriff court jurisdiction.

**120.**—(1) The Court of Session has jurisdiction to wind up any company registered in Scotland.

(2) When the Court of Session is in vacation, the jurisdiction conferred on that court by this section may (subject to the provisions of this Part) be exercised by the judge acting as vacation judge in pursuance of section 4 of the Administration of Justice (Scotland) Act 1933.

1933 c. 41.

(3) Where the amount of a company's share capital paid up or credited as paid up does not exceed £120,000, the sheriff court of the sheriffdom in which the company's registered office is situated has concurrent jurisdiction with the Court of Session to wind up the company ; but—

(*a*) the Court of Session may, if it thinks expedient having

regard to the amount of the company's assets to do so—

  (i) remit to a sheriff court any petition presented to the Court of Session for winding up such a company, or

  (ii) require such a petition presented to a sheriff court to be remitted to the Court of Session ; and

(b) the Court of Session may require any such petition as above-mentioned presented to one sheriff court to be remitted to another sheriff court ; and

(c) in a winding up in the sheriff court the sheriff may submit a stated case for the opinion of the Court of Session on any question of law arising in that winding up.

(4) For purposes of this section, the expression " registered office " means the place which has longest been the company's registered office during the 6 months immediately preceding the presentation of the petition for winding up.

(5) The money sum for the time being specified in subsection (3) is subject to increase or reduction by order under section 416 in Part XV.

**121.**—(1) The Court of Session may, by Act of Sederunt, make provision for the taking of proceedings in a winding up before one of the Lords Ordinary ; and, where provision is so made, the Lord Ordinary has, for the purposes of the winding up, all the powers and jurisdiction of the court.

*Power to remit winding up to Lord Ordinary.*

(2) However, the Lord Ordinary may report to the Inner House any matter which may arise in the course of a winding up.

### *Grounds and effect of winding-up petition*

**122.**—(1) A company may be wound up by the court if—

(a) the company has by special resolution resolved that the company be wound up by the court,

(b) being a public company which was registered as such on its original incorporation, the company has not been issued with a certificate under section 117 of the Companies Act (public company share capital requirements) and more than a year has expired since it was so registered,

(c) it is an old public company, within the meaning of the Consequential Provisions Act,

*Circumstances in which company may be wound up by the court.*

c. 45                    *Insolvency Act 1986*

PART IV

(*d*) the company does not commence its business within a year from its incorporation or suspends its business for a whole year,

(*e*) the number of members is reduced below 2,

(*f*) the company is unable to pay its debts,

(*g*) the court is of the opinion that it is just and equitable that the company should be wound up.

(2) In Scotland, a company which the Court of Session has jurisdiction to wind up may be wound up by the Court if there is subsisting a floating charge over property comprised in the company's property and undertaking, and the court is satisfied that the security of the creditor entitled to the benefit of the floating charge is in jeopardy.

For this purpose a creditor's security is deemed to be in jeopardy if the Court is satisfied that events have occurred or are about to occur which render it unreasonable in the creditor's interests that the company should retain power to dispose of the property which is subject to the floating charge.

Definition of inability to pay debts.

**123.**—(1) A company is deemed unable to pay its debts—

(*a*) if a creditor (by assignment or otherwise) to whom the company is indebted in a sum exceeding £750 then due has served on the company, by leaving it at the company's registered office, a written demand (in the prescribed form) requiring the company to pay the sum so due and the company has for 3 weeks thereafter neglected to pay the sum or to secure or compound for it to the reasonable satisfaction of the creditor, or

(*b*) if, in England and Wales, execution or other process issued on a judgment, decree or order of any court in favour of a creditor of the company is returned unsatisfied in whole or in part, or

(*c*) if, in Scotland, the induciae of a charge for payment on an extract decree, or an extract registered bond, or an extract registered protest, have expired without payment being made, or

(*d*) if, in Northern Ireland, a certificate of unenforceability has been granted in respect of a judgment against the company, or

(*e*) if it is proved to the satisfaction of the court that the company is unable to pay its debts as they fall due.

(2) A company is also deemed unable to pay its debts if it is proved to the satisfaction of the court that the value of the

company's assets is less than the amount of its liabilities, taking into account its contingent and prospective liabilities.

PART IV

(3) The money sum for the time being specified in subsection (1)(*a*) is subject to increase or reduction by order under section 416 in Part XV.

**124.**—(1) Subject to the provisions of this section, an application to the court for the winding up of a company shall be by petition presented either by the company, or the directors, or by any creditor or creditors (including any contingent or prospective creditor or creditors), contributory or contributories, or by all or any of those parties, together or separately.

Application for winding up.

(2) Except as mentioned below, a contributory is not entitled to present a winding-up petition unless either—

    (*a*) the number of members is reduced below 2, or

    (*b*) the shares in respect of which he is a contributory, or some of them, either were originally allotted to him, or have been held by him, and registered in his name, for at least 6 months during the 18 months before the commencement of the winding up, or have devolved on him through the death of a former holder.

(3) A person who is liable under section 76 to contribute to a company's assets in the event of its being wound up may petition on either of the grounds set out in section 122(1)(*f*) and (*g*), and subsection (2) above does not then apply; but unless the person is a contributory otherwise than under section 76, he may not in his character as contributory petition on any other ground.

This subsection is deemed included in Chapter VII of Part V of the Companies Act (redeemable shares; purchase by a company of its own shares) for the purposes of the Secretary of State's power to make regulations under section 179 of that Act.

(4) A winding-up petition may be presented by the Secretary of State—

    (*a*) if the ground of the petition is that in section 122(1)(*b*) or (*c*), or

    (*b*) in a case falling within section 440 of the Companies Act (expedient in the public interest, following report of inspectors, etc.).

(5) Where a company is being wound up voluntarily in England and Wales, a winding-up petition may be presented by the official receiver attached to the court as well as by any

70        c. 45                *Insolvency Act 1986*

PART IV        other person authorised in that behalf under the other provi-
sions of this section ; but the court shall not make a winding-
up order on the petition unless it is satisfied that the voluntary
winding up cannot be continued with due regard to the interests
of the creditors or contributories.

Powers of
court on
hearing of
petition.

**125.**—(1) On hearing a winding-up petition the court may
dismiss it, or adjourn the hearing conditionally or unconditio-
nally, or make an interim order, or any other order that it thinks
fit ; but the court shall not refuse to make a winding-up order
on the ground only that the company's assets have been mort-
gaged to an amount equal to or in excess of those assets, or that
the company has no assets.

(2) If the petition is presented by members of the company
as contributories on the ground that it is just and equitable that
the company should be wound up, the court, if it is of opinion—

(a) that the petitioners are entitled to relief either by
winding up the company or by some other means, and

(b) that in the absence of any other remedy it would be
just and equitable that the company should be wound
up,

shall make a winding-up order ; but this does not apply if the
court is also of the opinion both that some other remedy is
available to the petitioners and that they are acting unreason-
ably in seeking to have the company wound up instead of pursu-
ing that other remedy.

Power to
stay or
restrain
proceedings
against
company.

**126.**—(1) At any time after the presentation of a winding-up
petition, and before a winding-up order has been made, the
company, or any creditor or contributory, may—

(a) where any action or proceeding against the company is
pending in the High Court or Court of Appeal in
England and Wales or Northern Ireland, apply to the
court in which the action or proceeding is pending for
a stay of proceedings therein, and ·

(b) where any other action or proceeding is pending against
the company, apply to the court having jurisdiction
to wind up the company to restrain further proceed-
ings in the action or proceeding ;

and the court to which application is so made may (as the case
may be) stay, sist or restrain the proceedings accordingly on
such terms as it thinks fit.

(2) In the case of a company registered under section 680 of
the Companies Act (pre-1862 companies ; companies formed
under legislation other than the Companies Acts) or the previous

corresponding legislation, where the application to stay, sist or restrain is by a creditor, this section extends to actions and proceedings against any contributory of the company.

PART IV

**127.** In a winding up by the court, any disposition of the company's property, and any transfer of shares, or alteration in the status of the company's members, made after the commencement of the winding up is, unless the court otherwise orders, void.

Avoidance of property dispositions, etc.

**128.**—(1) Where a company registered in England and Wales is being wound up by the court, any attachment, sequestration, distress or execution put in force against the estate or effects of the company after the commencement of the winding up is void.

Avoidance of attachments, etc.

(2) This section, so far as relates to any estate or effects of the company situated in England and Wales, applies in the case of a company registered in Scotland as it applies in the case of a company registered in England and Wales.

### Commencement of winding up

**129.**—(1) If, before the presentation of a petition for the winding up of a company by the court, a resolution has been passed by the company for voluntary winding up, the winding up of the company is deemed to have commenced at the time of the passing of the resolution; and unless the court, on proof of fraud or mistake, directs otherwise, all proceedings taken in the voluntary winding up are deemed to have been validly taken.

Commencement of winding up by the court.

(2) In any other case, the winding up of a company by the court is deemed to commence at the time of the presentation of the petition for winding up.

**130.**—(1) On the making of a winding-up order, a copy of the order must forthwith be forwarded by the company (or otherwise as may be prescribed) to the registrar of companies, who shall enter it in his records relating to the company.

Consequences of winding-up order.

(2) When a winding-up order has been made or a provisional liquidator has been appointed, no action or proceeding shall be proceeded with or commenced against the company or its property, except by leave of the court and subject to such terms as the court may impose.

(3) When an order has been made for winding up a company registered under section 680 of the Companies Act, no action or proceeding shall be commenced or proceeded with against the company or its property or any contributory of the company,

72        c. **45**            *Insolvency Act 1986*

PART IV

in respect of any debt of the company, except by leave of the court, and subject to such terms as the court may impose.

(4) An order for winding up a company operates in favour of all the creditors and of all contributories of the company as if made on the joint petition of a creditor and of a contributory.

## *Investigation procedures*

Company's statement of affairs.

**131.**—(1) Where the court has made a winding-up order or appointed a provisional liquidator, the official receiver may require some or all of the persons mentioned in subsection (3) below to make out and submit to him a statement in the prescribed form as to the affairs of the company.

(2) The statement shall be verified by affidavit by the persons required to submit it and shall show—

(a) particulars of the company's assets, debts and liabilities;

(b) the names and addresses of the company's creditors;

(c) the securities held by them respectively;

(d) the dates when the securities were respectively given; and

(e) such further or other information as may be prescribed or as the official receiver may require.

(3) The persons referred to in subsection (1) are—

(a) those who are or have been officers of the company;

(b) those who have taken part in the formation of the company at any time within one year before the relevant date;

(c) those who are in the company's employment, or have been in its employment within that year, and are in the official receiver's opinion capable of giving the information required;

(d) those who are or have been within that year officers of, or in the employment of, a company which is, or within that year was, an officer of the company.

(4) Where any persons are required under this section to submit a statement of affairs to the official receiver, they shall do so (subject to the next subsection) before the end of the period of 21 days beginning with the day after that on which the prescribed notice of the requirement is given to them by the official receiver.

(5) The official receiver, if he thinks fit, may—

(a) at any time release a person from an obligation imposed on him under subsection (1) or (2) above; or

*Insolvency Act 1986*          c. 45          73

(b) either when giving the notice mentioned in subsection (4) or subsequently, extend the period so mentioned ;

and where the official receiver has refused to exercise a power conferred by this subsection, the court, if it thinks fit, may exercise it.

(6) In this section—

"employment" includes employment under a contract for services ; and

"the relevant date" means—

(a) in a case where a provisional liquidator is appointed, the date of his appointment ; and

(b) in a case where no such appointment is made, the date of the winding-up order.

(7) If a person without reasonable excuse fails to comply with any obligation imposed under this section, he is liable to a fine and, for continued contravention, to a daily default fine.

(8) In the application of this section to Scotland references to the official receiver are to the liquidator or, in a case where a provisional liquidator is appointed, the provisional liquidator.

**132.**—(1) Where a winding-up order is made by the court in England and Wales, it is the duty of the official receiver to investigate— *Investigatio by official receiver.*

(a) if the company has failed, the causes of the failure ; and

(b) generally, the promotion, formation, business, dealings and affairs of the company,

and to make such report (if any) to the court as he thinks fit.

(2) The report is, in any proceedings, prima facie evidence of the facts stated in it.

**133.**—(1) Where a company is being wound up by the court, the official receiver or, in Scotland, the liquidator may at any time before the dissolution of the company apply to the court for the public examination of any person who— *Public examination of officers.*

(a) is or has been an officer of the company ; or

(b) has acted as liquidator or administrator of the company or as receiver or manager or, in Scotland, receiver of its property ; or

(c) not being a person falling within paragraph (a) or (b), is or has been concerned, or has taken part, in the promotion, formation or management of the company.

(2) Unless the court otherwise orders, the official receiver or, in Scotland, the liquidator shall make an application under

74      c. 45      *Insolvency Act 1986*

PART IV      subsection (1) if he is requested in accordance with the rules
to do so by—

> (a) one-half, in value, of the company's creditors ; or

> (b) three-quarters, in value, of the company's contributories.

(3) On an application under subsection (1), the court shall
direct that a public examination of the person to whom the
application relates shall be held on a day appointed by the
court ; and that person shall attend on that day and be publicly
examined as to the promotion, formation or management of the
company or as to the conduct of its business and affairs, or his
conduct or dealings in relation to the company.

(4) The following may take part in the public examination
of a person under this section and may question that person
concerning the matters mentioned in subsection (3), namely—

> (a) the official receiver ;

> (b) the liquidator of the company ;

> (c) any person who has been appointed as special manager
> of the company's property or business ;

> (d) any creditor of the company who has tendered a proof
> or, in Scotland, submitted a claim in the winding up ;

> (e) any contributory of the company.

Enforcement
of s. 133.

**134.**—(1) If a person without reasonable excuse fails at any
time to attend his public examination under section 133, he is
guilty of a contempt of court and liable to be punished
accordingly.

(2) In a case where a person without reasonable excuse fails
at any time to attend his examination under section 133 or
there are reasonable grounds for believing that a person has
absconded, or is about to abscond, with a view to avoiding or
delaying his examination under that section, the court may cause
a warrant to be issued to a constable or prescribed officer of the
court—

> (a) for the arrest of that person ; and

> (b) for the seizure of any books, papers, records, money
> or goods in that person's possession.

(3) In such a case the court may authorise the person arrested
under the warrant to be kept in custody, and anything seized
under such a warrant to be held, in accordance with the rules,
until such time as the court may order.

*Insolvency Act 1986*          c. **45**          75

### *Appointment of liquidator*

**135.**—(1) Subject to the provisions of this section, the court may, at any time after the presentation of a winding-up petition, appoint a liquidator provisionally.

(2) In England and Wales, the appointment of a provisional liquidator may be made at any time before the making of a winding-up order ; and either the official receiver or any other fit person may be appointed.

(3) In Scotland, such an appointment may be made at any time before the first appointment of liquidators.

(4) The provisional liquidator shall carry out such functions as the court may confer on him.

(5) When a liquidator is provisionally appointed by the court, his powers may be limited by the order appointing him.

**136.**—(1) The following provisions of this section have effect, subject to section 140 below, on a winding-up order being made by the court in England and Wales.

(2) The official receiver, by virtue of his office, becomes the liquidator of the company and continues in office until another person becomes liquidator under the provisions of this Part.

(3) The official receiver is, by virtue of his office, the liquidator during any vacancy.

(4) At any time when he is the liquidator of the company, the official receiver may summon separate meetings of the company's creditors and contributories for the purpose of choosing a person to be liquidator of the company in place of the official receiver.

(5) It is the duty of the official receiver—

(a) as soon as practicable in the period of 12 weeks beginning with the day on which the winding-up order was made, to decide whether to exercise his power under subsection (4) to summon meetings, and

(b) if in pursuance of paragraph (a) he decides not to exercise that power, to give notice of his decision, before the end of that period, to the court and to the company's creditors and contributories, and

(c) (whether or not he has decided to exercise that power) to exercise his power to summon meetings under subsection (4) if he is at any time requested, in accordance with the rules, to do so by one-quarter, in value, of the company's creditors ;

PART IV

Appointment
and powers of
provisional
liquidator.

Functions of
official
receiver in
relation to
office of
liquidator.

76        c. 45        *Insolvency Act 1986*

PART IV

and accordingly, where the duty imposed by paragraph (*c*) arises before the official receiver has performed a duty imposed by paragraph (*a*) or (*b*), he is not required to perform the latter duty.

(6) A notice given under subsection (5)(*b*) to the company's creditors shall contain an explanation of the creditors' power under subsection (5)(*c*) to require the official receiver to summon meetings of the company's creditors and contributories.

Appointment by Secretary of State.

**137.**—(1) In a winding up by the court in England and Wales the official receiver may, at any time when he is the liquidator of the company, apply to the Secretary of State for the appointment of a person as liquidator in his place.

(2) If meetings are held in pursuance of a decision under section 136(5)(*a*), but no person is chosen to be liquidator as a result of those meetings, it is the duty of the official receiver to decide whether to refer the need for an appointment to the Secretary of State.

(3) On an application under subsection (1), or a reference made in pursuance of a decision under subsection (2), the Secretary of State shall either make an appointment or decline to make one.

(4) Where a liquidator has been appointed by the Secretary of State under subsection (3), the liquidator shall give notice of his appointment to the company's creditors or, if the court so allows, shall advertise his appointment in accordance with the directions of the court.

(5) In that notice or advertisement the liquidator shall—

(*a*) state whether he proposes to summon a general meeting of the company's creditors under section 141 below for the purpose of determining (together with any meeting of contributories) whether a liquidation committee should be established under that section, and

(*b*) if he does not propose to summon such a meeting, set out the power of the company's creditors under that section to require him to summon one.

Appointment of liquidator in Scotland.

**138.**—(1) Where a winding-up order is made by the court in Scotland, a liquidator shall be appointed by the court at the time when the order is made.

(2) The liquidator so appointed (here referred to as " the interim liquidator ") continues in office until another person becomes liquidator in his place under this section or the next.

*Insolvency Act 1986*      c. 45      77

(3) The interim liquidator shall (subject to the next subsection) as soon as practicable in the period of 28 days beginning with the day on which the winding-up order was made or such longer period as the court may allow, summon separate meetings of the company's creditors and contributories for the purpose of choosing a person (who may be the person who is the interim liquidator) to be liquidator of the company in place of the interim liquidator.

(4) If it appears to the interim liquidator, in any case where a company is being wound up on grounds including its inability to pay its debts, that it would be inappropriate to summon under subsection (3) a meeting of the company's contributories, he may summon only a meeting of the company's creditors for the purpose mentioned in that subsection.

(5) If one or more meetings are held in pursuance of this section but no person is appointed or nominated by the meeting or meetings, the interim liquidator shall make a report to the court which shall appoint either the interim liquidator or some other person to be liquidator of the company.

(6) A person who becomes liquidator of the company in place of the interim liquidator shall, unless he is appointed by the court, forthwith notify the court of that fact.

**139.**—(1) This section applies where a company is being wound up by the court and separate meetings of the company's creditors and contributories are summoned for the purpose of choosing a person to be liquidator of the company.

Choice of liquidator at meetings of creditors and contributories.

(2) The creditors and the contributories at their respective meetings may nominate a person to be liquidator.

(3) The liquidator shall be the person nominated by the creditors or, where no person has been so nominated, the person (if any) nominated by the contributories.

(4) In the case of different persons being nominated, any contributory or creditor may, within 7 days after the date on which the nomination was made by the creditors, apply to the court for an order either—

    (a) appointing the person nominated as liquidator by the contributories to be a liquidator instead of, or jointly with, the person nominated by the creditors ; or

    (b) appointing some other person to be liquidator instead of the person nominated by the creditors.

D

78          c. 45          *Insolvency Act 1986*

PART IV
Appointment
by the court
following
adminis-
tration or
voluntary
arrangement.

**140.**—(1) Where a winding-up order is made immediately upon the discharge of an administration order, the court may appoint as liquidator of the company the person who has ceased on the discharge of the administration order to be the administrator of the company.

(2) Where a winding-up order is made at a time when there is a supervisor of a voluntary arrangement approved in relation to the company under Part I, the court may appoint as liquidator of the company the person who is the supervisor at the time when the winding-up order is made.

(3) Where the court makes an appointment under this section, the official receiver does not become the liquidator as otherwise provided by section 136(2), and he has no duty under section 136(5) (*a*) or (*b*) in respect of the summoning of creditors' or contributories' meetings.

*Liquidation committees*

Liquidation
committee
(England and
Wales).

**141.**—(1) Where a winding-up order has been made by the court in England and Wales and separate meetings of creditors and contributories have been summoned for the purpose of choosing a person to be liquidator, those meetings may establish a committee (" the liquidation committee ") to exercise the functions conferred on it by or under this Act.

(2) The liquidator (not being the official receiver) may at any time, if he thinks fit, summon separate general meetings of the company's creditors and contributories for the purpose of determining whether such a committee should be established and, if it is so determined, of establishing it.

The liquidator (not being the official receiver) shall summon such a meeting if he is requested, in accordance with the rules, to do so by one-tenth, in value, of the company's creditors.

(3) Where meetings are summoned under this section, or for the purpose of choosing a person to be liquidator, and either the meeting of creditors or the meeting of contributories decides that a liquidation committee should be established, but the other meeting does not so decide or decides that a committee should not be established, the committee shall be established in accordance with the rules, unless the court otherwise orders.

(4) The liquidation committee is not to be able or required to carry out its functions at any time when the official receiver is liquidator; but at any such time its functions are vested in the Secretary of State except to the extent that the rules otherwise provide.

(5) Where there is for the time being no liquidation committee, and the liquidator is a person other than the official receiver,

*Insolvency Act 1986*  c. 45  79

the functions of such a committee are vested in the Secretary of State except to the extent that the rules otherwise provide.

Part IV

**142.**—(1) Where a winding-up order has been made by the court in Scotland and separate meetings of creditors and contributories have been summoned for the purpose of choosing a person to be liquidator or, under section 138(4), only a meeting of creditors has been summoned for that purpose, those meetings or (as the case may be) that meeting may establish a committee (" the liquidation committee ") to exercise the functions conferred on it by or under this Act.

Liquidation committee (Scotland).

(2) The liquidator may at any time, if he thinks fit, summon separate general meetings of the company's creditors and contributories for the purpose of determining whether such a committee should be established and, if it is so determined, of establishing it.

(3) The liquidator, if appointed by the court otherwise than under section 139(4)(*a*), is required to summon meetings under subsection (2) if he is requested, in accordance with the rules, to do so by one-tenth, in value, of the company's creditors.

(4) Where meetings are summoned under this section, or for the purpose of choosing a person to be liquidator, and either the meeting of creditors or the meeting of contributories decides that a liquidation committee should be established, but the other meeting does not so decide or decides that a committee should not be established, the committee shall be established in accordance with the rules, unless the court otherwise orders.

(5) Where in the case of any winding up there is for the time being no liquidation committee, the functions of such a committee are vested in the court except to the extent that the rules otherwise provide.

(6) In addition to the powers and duties conferred and imposed on it by this Act, a liquidation committee has such of the powers and duties of commissioners in a sequestration as may be conferred and imposed on such committees by the rules.

### The liquidator's functions

**143.**—(1) The functions of the liquidator of a company which is being wound up by the court are to secure that the assets of the company are got in, realised and distributed to the company's creditors and, if there is a surplus, to the persons entitled to it.

General functions in winding up by the court.

(2) It is the duty of the liquidator of a company which is being wound up by the court in England and Wales, if he is not the official receiver—

80      c. 45      *Insolvency Act 1986*

PART IV

(*a*) to furnish the official receiver with such information,

(*b*) to produce to the official receiver, and permit inspection by the official receiver of, such books, papers and other records, and

(*c*) to give the official receiver such other assistance,

as the official receiver may reasonably require for the purposes of carrying out his functions in relation to the winding up.

Custody of company's property.

**144.**—(1) When a winding-up order has been made, or where a provisional liquidator has been appointed, the liquidator or the provisional liquidator (as the case may be) shall take into his custody or under his control all the property and things in action to which the company is or appears to be entitled.

(2) In a winding up by the court in Scotland, if and so long as there is no liquidator, all the property of the company is deemed to be in the custody of the court.

Vesting of company property in liquidator.

**145.**—(1) When a company is being wound up by the court, the court may on the application of the liquidator by order direct that all or any part of the property of whatsoever description belonging to the company or held by trustees on its behalf shall vest in the liquidator by his official name ; and thereupon the property to which the order relates vests accordingly.

(2) The liquidator may, after giving such indemnity (if any) as the court may direct, bring or defend in his official name any action or other legal proceeding which relates to that property or which it is necessary to bring or defend for the purpose of effectually winding up the company and recovering its property.

Duty to summon final meeting.

**146.**—(1) Subject to the next subsection, if it appears to the liquidator of a company which is being wound by the court that the winding up of the company is for practical purposes complete and the liquidator is not the official receiver, the liquidator shall summon a final general meeting of the company's creditors which —

(*a*) shall receive the liquidator's report of the winding up, and

(*b*) shall determine whether the liquidator should have his release under section 174 in Chapter VII of this Part.

(2) The liquidator may, if he thinks fit, give the notice summoning the final general meeting at the same time as giving notice of any final distribution of the company's property but, if summoned for an earlier date, that meeting shall be adjourned

(and, if necessary, further adjourned) until a date on which the PART IV
liquidator is able to report to the meeting that the winding up
of the company is for practical purposes complete.

(3) In the carrying out of his functions in the winding up it
is the duty of the liquidator to retain sufficient sums from the
company's property to cover the expenses of summoning and
holding the meeting required by this section.

### *General powers of court*

**147.**—(1) The court may at any time after an order for wind- Power to stay
ing up, on the application either of the liquidator or the official or sist
receiver or any creditor or contributory, and on proof to the winding up.
satisfaction of the court that all proceedings in the winding up
ought to be stayed or sisted, make an order staying or sisting
the proceedings, either altogether or for a limited time, on such
terms and conditions as the court thinks fit.

(2) The court may, before making an order, require the official
receiver to furnish to it a report with respect to any facts or
matters which are in his opinion relevant to the application.

(3) A copy of every order made under this section shall forth-
with be forwarded by the company, or otherwise as may be pres-
cribed, to the registrar of companies, who shall enter it in his
records relating to the company.

**148.**—(1) As soon as may be after making a winding-up order, Settlement of
the court shall settle a list of contributories, with power to rec- list of
tify the register of members in all cases where rectification is contributories
required in pursuance of the Companies Act or this Act, and application of
shall cause the company's assets to be collected, and applied in assets.
discharge of its liabilities.

(2) If it appears to the court that it will not be necessary to
make calls on or adjust the rights of contributories, the court
may dispense with the settlement of a list of contributories.

(3) In settling the list, the court shall distinguish between per-
sons who are contributories in their own right and persons who
are contributories as being representatives of or liable for the
debts of others.

**149.**—(1) The court may, at any time after making a winding- Debts due
up order, make an order on any contributory for the time being from
on the list of contributories to pay, in manner directed by the contributory
order, any money due from him (or from the estate of the per- to company.
son who he represents) to the company, exclusive of any money
payable by him or the estate by virtue of any call in pursuance
of the Companies Act or this Act.

PART IV

(2) The court in making such an order may—

(a) in the case of an unlimited company, allow to the contributory by way of set-off any money due to him or the estate which he represents from the company on any independent dealing or contract with the company, but not any money due to him as a member of the company in respect of any dividend or profit, and

(b) in the case of a limited company, make to any director or manager whose liability is unlimited or to his estate the like allowance.

(3) In the case of any company, whether limited or unlimited, when all the creditors are paid in full (together with interest at the official rate), any money due on any account whatever to a contributory from the company may be allowed to him by way of set-off against any subsequent call.

**Power to make calls.**

**150.**—(1) The court may, at any time after making a winding-up order, and either before or after it has ascertained the sufficiency of the company's assets, make calls on all or any of the contributories for the time being settled on the list of the contributories to the extent of their liability, for payment of any money which the court considers necessary to satisfy the company's debts and liabilities, and the expenses of winding up, and for the adjustment of the rights of the contributories among themselves, and make an order for payment of any calls so made.

(2) In making a call the court may take into consideration the probability that some of the contributories may partly or wholly fail to pay it.

**Payment into bank of money due to company.**

**151.**—(1) The court may order any contributory, purchaser or other person from whom money is due to the company to pay the amount due into the Bank of England (or any branch of it) to the account of the liquidator instead of to the liquidator, and such an order may be enforced in the same manner as if it had directed payment to the liquidator.

(2) All money and securities paid or delivered into the Bank of England (or branch) in the event of a winding up by the court are subject in all respects to the orders of the court.

**Order on contributory to be conclusive evidence.**

**152.**—(1) An order made by the court on a contributory is conclusive evidence that the money (if any) thereby appearing to be due or ordered to be paid is due, but subject to any right of appeal.

(2) All other pertinent matters stated in the order are to be taken as truly stated as against all persons and in all proceedings

except proceedings in Scotland against the heritable estate of a   Part IV
deceased contributory ; and in that case the order is only prima
facie evidence for the purpose of charging his heritable estate,
unless his heirs or legatees of heritage were on the list of con-
tributories at the time of the order being made.

**153.** The court may fix a time or times within which creditors   Power to
are to prove their debts or claims or to be excluded from the   exclude
benefit of any distribution made before those debts are proved.   creditors not
proving in
time.

**154.** The court shall adjust the rights of the contributories   Adjustment of
among themselves and distribute any surplus among the persons   rights of
entitled to it.   contributories.

**155.**—(1) The court may, at any time after making a winding-   Inspection of
up order, make such order for inspection of the company's books   books by
and papers by creditors and contributories as the court thinks   creditors, etc.
just ; and any books and papers in the company's possession may
be inspected by creditors and contributories accordingly, but
not further or otherwise.

(2) Nothing in this section excludes or restricts any statutory
rights of a government department or person acting under the
authority of a government department.

**156.** The court may, in the event of the assets being insufficient   Payment of
to satisfy the liabilities, make an order as to the payment out   expenses of
of the assets of the expenses incurred in the winding up in such   winding up.
order of priority as the court thinks just.

**157.** In the winding up by the court of a company registered   Attendance at
in Scotland, the court has power to require the attendance of   company
any officer of the company at any meeting of creditors or of   meetings
contributories, or of a liquidation committee, for the purpose   (Scotland).
of giving information as to the trade, dealings, affairs or pro-
perty of the company.

**158.** The court, at any time either before or after making a   Power to
winding-up order, on proof of probable cause for believing that   arrest
a contributory is about to quit the United Kingdom or otherwise   absconding
to abscond or to remove or conceal any of his property for the   contributory.
purpose of evading payment of calls, may cause the contributory
to be arrested and his books and papers and moveable personal
property to be seized and him and them to be kept safely until
such time as the court may order.

84          c. 45          *Insolvency Act 1986*

PART IV
Powers of
court to be
cumulative.

**159.** Powers conferred by this Act and the Companies Act on the court are in addition to, and not in restriction of, any existing powers of instituting proceedings against a contributory or debtor of the company, or the estate of any contributory or debtor, for the recovery of any call or other sums.

Delegation of
powers to
liquidator
(England and
Wales).

**160.**—(1) Provision may be made by rules for enabling or requiring all or any of the powers and duties conferred and imposed on the court in England and Wales by the Companies Act and this Act in respect of the following matters—

(*a*) the holding and conducting of meetings to ascertain the wishes of creditors and contributories,

(*b*) the settling of lists of contributories and the rectifying of the register of members where required, and the collection and application of the assets,

(*c*) the payment, delivery, conveyance, surrender or transfer of money, property, books or papers to the liquidator,

(*d*) the making of calls,

(*e*) the fixing of a time within which debts and claims must be proved,

to be exercised or performed by the liquidator as an officer of the court, and subject to the court's control.

(2) But the liquidator shall not, without the special leave of the court, rectify the register of members, and shall not make any call without either that special leave or the sanction of the liquidation committee.

### *Enforcement of, and appeal from, orders*

Orders for
calls on
contributories
(Scotland).

**161.**—(1) In Scotland, where an order, interlocutor or decree has been made for winding up a company by the court, it is competent to the court, on production by the liquidators of a list certified by them of the names of the contributories liable in payment of any calls, and of the amount due by each contributory, and of the date when that amount became due, to pronounce forthwith a decree against those contributories for payment of the sums so certified to be due, with interest from that date until payment (at 5 per cent. per annum) in the same way and to the same effect as if they had severally consented to registration for execution, on a charge of 6 days, of a legal obligation to pay those calls and interest.

(2) The decree may be extracted immediately, and no suspension of it is competent, except on caution or consignation, unless with special leave of the court.

**162.**—(1) Subject to the provisions of this section and to rules of court, an appeal from any order or decision made or given in the winding up of a company by the court in Scotland under this Act lies in the same manner and subject to the same conditions as an appeal from an order or decision of the court in cases within its ordinary jurisdiction.

Part IV

Appeals from orders in Scotland.

(2) In regard to orders or judgments pronounced by the judge acting as vacation judge in pursuance of section 4 of the Administration of Justice (Scotland) Act 1933—

1933 c. 41.

   (*a*) none of the orders specified in Part I of Schedule 3 to this Act are subject to review, reduction, suspension or stay of execution, and

   (*b*) every other order or judgment (except as mentioned below) may be submitted to review by the Inner House by reclaiming motion enrolled within 14 days from the date of the order or judgment.

(3) However, an order being one of those specified in Part II of that Schedule shall, from the date of the order and notwithstanding that it has been submitted to review as above, be carried out and receive effect until the Inner House have disposed of the matter.

(4) In regard to orders or judgments pronounced in Scotland by a Lord Ordinary before whom proceedings in a winding up are being taken, any such order or judgment may be submitted to review by the Inner House by reclaiming motion enrolled within 14 days from its date ; but should it not be so submitted to review during session, the provisions of this section in regard to orders or judgments pronounced by the judge acting as vacation judge apply.

(5) Nothing in this section affects provisions of the Companies Act or this Act in reference to decrees in Scotland for payment of calls in the winding up of companies, whether voluntary or by the court.

CHAPTER VII

LIQUIDATORS

*Preliminary*

**163.** The liquidator of a company shall be described—

Style and title of liquidators.

   (*a*) where a person other than the official receiver is liquidator, by the style of " the liquidator " of the particular company, or

86        c. 45        *Insolvency Act 1986*

PART IV

(b) where the official receiver is liquidator, by the style of " the official receiver and liquidator " of the particular company ;

and in neither case shall he be described by an individual name.

Corrupt inducement affecting appointment.

**164.** A person who gives, or agrees or offers to give, to any member or creditor of a company any valuable consideration with a view to securing his own appointment or nomination, or to securing or preventing the appointment or nomination of some person other than himself, as the company's liquidator is liable to a fine.

### Liquidator's powers and duties

Voluntary winding up.

**165.**—(1) This section has effect where a company is being wound up voluntarily, but subject to section 166 below in the case of a creditors' voluntary winding up.

(2) The liquidator may—

(a) in the case of a members' voluntary winding up, with the sanction of an extraordinary resolution of the company, and

(b) in the case of a creditors' voluntary winding up, with the sanction of the court or the liquidation committee (or, if there is no such committee, a meeting of the company's creditors),

exercise any of the powers specified in Part I of Schedule 4 to this Act (payment of debts, compromise of claims, etc.).

(3) The liquidator may, without sanction, exercise either of the powers specified in Part II of that Schedule (institution and defence of proceedings ; carrying on the business of the company) and any of the general powers specified in Part III of that Schedule.

(4) The liquidator may—

(a) exercise the court's power of settling a list of contributories (which list is prima facie evidence of the liability of the persons named in it to be contributories),

(b) exercise the court's power of making calls,

(c) summon general meetings of the company for the purpose of obtaining its sanction by special or extraordinary resolution or for any other purpose he may think fit.

(5) The liquidator shall pay the company's debts and adjust the rights of the contributories among themselves.

(6) Where the liquidator in exercise of the powers conferred on him by this Act disposes of any property of the company to a person who is connected with the company (within the meaning of section 249 in Part VII), he shall, if there is for the time being a liquidation committee, give notice to the committee of that exercise of his powers.

PART IV

**166.**—(1) This section applies where, in the case of a creditors' voluntary winding up, a liquidator has been nominated by the company.

Creditors' voluntary winding up.

(2) The powers conferred on the liquidator by section 165 shall not be exercised, except with the sanction of the court, during the period before the holding of the creditors' meeting under section 98 in Chapter IV.

(3) Subsection (2) does not apply in relation to the power of the liquidator—

    (*a*) to take into his custody or under his control all the property to which the company is or appears to be entitled ;

    (*b*) to dispose of perishable goods and other goods the value of which is likely to diminish if they are not immediately disposed of ; and

    (*c*) to do all such other things as may be necessary for the protection of the company's assets.

(4) The liquidator shall attend the creditors' meeting held under section 98 and shall report to the meeting on any exercise by him of his powers (whether or not under this section or under section 112 or 165).

(5) If default is made—

    (*a*) by the company in complying with subsection (1) or (2) of section 98, or

    (*b*) by the directors in complying with subsection (1) or (2) of section 99,

the liquidator shall, within 7 days of the relevant day, apply to the court for directions as to the manner in which that default is to be remedied.

(6) " The relevant day " means the day on which the liquidator was nominated by the company or the day on which he first became aware of the default, whichever is the later.

(7) If the liquidator without reasonable excuse fails to comply with this section, he is liable to a fine.

88        c. **45**                *Insolvency Act 1986*

PART IV
Winding up
by the court.

**167.**—(1) Where a company is being wound up by the court, the liquidator may—

(a) with the sanction of the court or the liquidation committee, exercise any of the powers specified in Parts I and II of Schedule 4 to this Act (payment of debts; compromise of claims, etc.; institution and defence of proceedings; carrying on of the business of the company), and

(b) with or without that sanction, exercise any of the general powers specified in Part III of that Schedule.

(2) Where the liquidator (not being the official receiver), in exercise of the powers conferred on him by this Act—

(a) disposes of any property of the company to a person who is connected with the company (within the meaning of section 249 in Part VII), or

(b) employs a solicitor to assist him in the carrying out of his functions,

he shall, if there is for the time being a liquidation committee, give notice to the committee of that exercise of his powers.

(3) The exercise by the liquidator in a winding up by the court of the powers conferred by this section is subject to the control of the court, and any creditor or contributory may apply to the court with respect to any exercise or proposed exercise of any of those powers.

Supplementary
powers
(England
and Wales).

**168.**—(1) This section applies in the case of a company which is being wound up by the court in England and Wales.

(2) The liquidator may summon general meetings of the creditors or contributories for the purpose of ascertaining their wishes; and it is his duty to summon meetings at such times as the creditors or contributories by resolution (either at the meeting appointing the liquidator or otherwise) may direct, or whenever requested in writing to do so by one-tenth in value of the creditors or contributories (as the case may be).

(3) The liquidator may apply to the court (in the prescribed manner) for directions in relation to any particular matter arising in the winding up.

(4) Subject to the provisions of this Act, the liquidator shall use his own discretion in the management of the assets and their distribution among the creditors.

(5) If any person is aggrieved by an act or decision of the liquidator, that person may apply to the court; and the court may confirm, reverse or modify the act or decision complained of, and make such order in the case as it thinks just.

**169.**—(1) In the case of a winding up in Scotland, the court may provide by order that the liquidator may, where there is no liquidation committee, exercise any of the following powers, namely— *PART IV*

*Supple-
mentary
powers
(Scotland).*

(a) to bring or defend any action or other legal proceeding in the name and on behalf of the company, or

(b) to carry on the business of the company so far as may be necessary for its beneficial winding up,

without the sanction or intervention of the court.

(2) In a winding up by the court in Scotland, the liquidator has (subject to the rules) the same powers as a trustee on a bankrupt estate.

**170.**—(1) If a liquidator who has made any default— *Enforcement
of liquidator's
duty to make
returns, etc.*

(a) in filing, delivering or making any return, account or other document, or

(b) in giving any notice which he is by law required to file, deliver, make or give,

fails to make good the default within 14 days after the service on him of a notice requiring him to do so, the court has the following powers.

(2) On an application made by any creditor or contributory of the company, or by the registrar of companies, the court may make an order directing the liquidator to make good the default within such time as may be specified in the order.

(3) The court's order may provide that all costs of and incidental to the application shall be borne by the liquidator.

(4) Nothing in this section prejudices the operation of any enactment imposing penalties on a liquidator in respect of any such default as is mentioned above.

### *Removal ; vacation of office*

**171.**—(1) This section applies with respect to the removal from office and vacation of office of the liquidator of a company which is being wound up voluntarily. *Removal, etc.
(voluntary
winding up).*

(2) Subject to the next subsection, the liquidator may be removed from office only by an order of the court or—

(a) in the case of a members' voluntary winding up, by a general meeting of the company summoned specially for that purpose, or

(b) in the case of a creditors' voluntary winding up, by a general meeting of the company's creditors summoned specially for that purpose in accordance with the rules.