UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re<br><br>SEVEN ARTS PICTURES PLC<br>_____<br><br>Debtor in a Foreign Proceeding | Case No. 12-11187<br><br>Chapter 15 |

**MOTION TO DETERMINE SCOPE OF AUTOMATIC STAY OR, IN THE ALTERNATIVE, FOR RELIEF FROM AUTOMATIC STAY TO CONTINUE PROCEEDINGS IN CALIFORNIA STATE COURT AGAINST NON-DEBTORS, SEVEN ARTS ENTERTAINMENT, INC. AND SEVEN ARTS PICTURES, INC.**

Parallel Media LLC ("Parallel"), an interested party and creditor of debtor Seven Arts Pictures PLC ("Seven Arts"), respectfully files this motion to determine the scope of the automatic stay arising under Section 362(a) of the United States Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"), or, alternatively, for relief from the automatic stay to continue proceedings in the Superior Court of California, County of Los Angeles, against non-debtors Seven Arts Entertainment, Inc. ("SAE") and Seven Arts Pictures, Inc. ("SAP') for the benefit of all of Seven Arts' creditors.

### Jurisdiction and Venue

1. The Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334. The basis for the relief requested herein is 11 U.S.C. § 362(d).

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relevant Factual Background

3. As the Court is aware, in June 2011 Parallel presented a petition before the Companies Court of England & Wales to have Seven Arts wound up and ordered into involuntary liquidation ("<u>UK Proceeding</u>").

4. In late August 2011, Parallel discovered in the course of discovery, in the UK Proceeding that, in January 2011, Seven Arts finalized an Asset Transfer Agreement with Los Angeles-based SAE, pursuant to which Seven Arts transferred all of its assets to SAE.[1]

5. Accordingly, in September 2011, Parallel instigated fraudulent transfer proceedings against SAE and other entities in the Superior Court of California, County of Los Angeles pursuant to California's Uniform Fraudulent Transfer Act, California Civil Code §§ 3439-3439.12 (the "<u>California Action</u>"). The relief Parallel seeks through the California Action includes avoidance of the transfers undertaken pursuant to the Asset Transfer Agreement under the theory that such transfers were not for equivalent value and were the product of an intent to "delay, hinder, or defraud" Parallel's efforts to enforce its rights as a creditor of Seven Arts through the UK Proceeding. If successful, amongst other relief requested, the transfer will be reversed and the assets conveyed to Seven Arts. Assumedly at that point, the recovered assets would be administered in the UK Proceeding. As of the date of this motion, the defendants to the California Action are SAE and SAP. The debtor is not a named defendant.

6. In November 2011, the UK Proceeding resulted in Seven Arts being ordered into involuntary liquidation. In his written judgment, presiding Judge Mr. David Richards specifically found that the Asset Transfer Agreement and matters related thereto "cries out for investigation."

---

[1] In exchange for transferring to SAE assets with a claimed value of more than $25 million, Seven Arts received 2 million shares of stock in SAE worth, based on SAE's June 19, 2012 closing price of $0.04, $80,000.

7. In March 2012, following an initial creditors' meeting, Nickolas Rimes ("Mr. Rimes") was appointed as liquidator of Seven Arts.[2]

8. On May 25, 2012, Mr. Rimes' Petition to recognize the UK Proceeding as foreign main proceedings under sections 1515 and 1517 of title 11 of the Bankruptcy Code and for relief under section 11 U.S.C. 1517 was granted by this Court. As a result of the entry of that order, the automatic stay became effective pursuant to Section 1520.

### Relief Requested

9. Through this motion, Parallel respectfully requests that this Court enter an order confirming that the California Action is not stayed pursuant to 11 U.S.C. § 362.

10. In the alternative, and to the extent the Court determines that the automatic stay prohibits the pursuit of the California Action, Parallel seeks an order modifying the automatic stay to permit the continued prosecution of the California Action for the benefit of all of Seven Arts' creditors. Parallel has agreed as part of its request to proceed to seek to recover costs and fees associated with the prosecution of the California Action only to the extent it prevails in the California Action and then only if there are proceeds from which costs and fees are recoverable. Parallel further requests relief from the 14-day stay imposed by Bankruptcy Rule 4001 and seeks such other and further relief that this Court deems just and proper.

**B. The California Action Is Not Subject To The Automatic Stay**

11. The recognition of the UK Proceeding as foreign main proceedings does not stay the California Action. Bankruptcy Code § 1520 outlines clearly the effect of recognition of a foreign main proceeding. It is important to note that recognition does not create a bankruptcy

---

[2] Parallel is appealing Mr. Rimes' appointment as liquidator based on the voting process arising out of the initial creditors' meeting. Parallel's appeal is scheduled to be heard before the Companies Court in July 2012.

estate nor convert the debtor or the liquidator into a debtor in possession. The only effects that arise out of the recognition are as follows:

    1)    Sections 361 and 362 become applicable to the debtor and property of the debtor within the United States;

    2)    Sections 363, 549 and 552 apply to transfers of interests in the debtor's property within the United States;

    3)    The representative may operate the business within the United States; and

    4)    Section 552 applies to the property of the debtor within the United States.

12. Section 1520 also clearly preserves the right of the foreign representative to commence a case under one of the other chapters, including a case under Chapter 7 or Chapter 11.

13. Section 1521 sets forth relief that the Court may grant where necessary to effectuate the purpose of Chapter 15 and to protect the assets of the Debtor or the interests of creditors. Section 1521 specifically prohibits granting the authority to file avoidance actions under United States law by prohibiting the pursuit by the foreign representative of actions under §§ 522, 544, 547, 548, 550 and 724(a).

14. The California Action is a fraudulent conveyance action based on a California statue, and thus, Chapter 15 specifically prohibits the foreign representative's assertion of these claims.

15. The California Action is not an action against Seven Arts, but rather an action against certain transferees seeking to set aside a transfer to SAE and requesting the return of the transferred property to Seven Arts. Seven Arts is not named a defendant in the action, thus, the continued pursuit of the California Action is not an action against the debtor.

16. Nor is the California Action an action against property of the debtor or an act to obtain possession of property of the debtor. Section 1523 of the Bankruptcy Code specifically carves out of the relief available to a foreign representative the ability to pursue United States fraudulent conveyance actions, as well as alter ego actions. This authority specifically excludes the voiding powers created by §§ 522, 544, 545, 547, 548, 550 and 553 and 724(a). When Sections 1520, 1521 and 1523 are read together, it becomes clear that if a foreign representative wishes to pursue such an action he will have standing to do so only if there is a pending case under another chapter. Thus, if Mr. Rimes wants to assert the United States causes of action pled in the California Action, he must first file a case under another Chapter. Unless and until he does so, he has no standing to assert these claims and these claims remain the property of the creditors who under state law have the right and standing to pursue them - here Parallel. This statutory scheme was recognized in *In re: Condor Ins. Ltd*, 601 F.3d 319 (5th Cir. 2010). The Fifth Circuit in *In re: Condor* permitted the representative to proceed with a fraudulent conveyance action founded in Nevis law. In so ruling, the Circuit Court clearly recognized that the representative did not have authority to pursue United States founded causes of action and in fact found that the representative could pursue the cause of action only because it did in fact arise under foreign law. As the California Action is founded in California state law, Mr. Rimes may not bring that action and thus the action is not property of the debtor.

C.  **In The Alternative, The Court Should Enter An Order Permitting Parallel To Continue The California Action For The Benefit Of All Creditors**

17. In the alternative, and only to the extent the Court determines the stay is applicable, Parallel seeks relief from the stay in order to continue the California Action. Parallel is willing to continue the California Action on the express understanding and instruction that any recovery shall be for the benefit of Seven Arts' creditors as a whole and that Parallel shall only

seek to recover costs and fees to the extent it prevails in the California Action, and, even then, only to the extent that there are proceeds from which costs and fees may be recovered.

18.  Section 362(d) governs relief from the automatic stay. In relevant part, that section provides that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay...by terminating, annulling, modifying or conditioning such stay...for cause." 11 U.S.C. § 362(d)(1). The Bankruptcy Code does not define "cause," thus, courts are free to determine it on a case-by-case basis. *See In re Reitnauer*, 152 F.3d 341, 343, n.4 (5th Cir. 1998) wherein the Court states "[b]ecause § 362 does not offer guidance as to what constitutes 'cause,' reviewing courts must determine whether cause existed on a case-by-case basis." *See further, In re Wilson*, 116 F.3d 87, 90 (3rd Cir. 1997) wherein the Court determines that courts must consider what constitutes cause based on the totality of circumstances in each particular case.

19.  In determining whether cause exists, "courts generally consider the policies underlying the automatic stay in addition to the competing interests of the debtor and the movant." *In re Continental Airlines, Inc.*, 152 B.R. 420, 424 (D.Del. 1993). To do so, the Court must balance potential prejudice to the bankruptcy estate against the hardships that will be incurred by the movant if the motion for relief is denied. *Ivester v. Miller*, 398 B.R. 408 (M.D. NC 2008). Courts are free to consider many factors including: (1) the prejudice that would be suffered should the stay be lifted; (2) the balance of the hardships facing the parties; and (3) the probable success on the merits if the stay is lifted. *Id.* As the Court is aware, the policy underlying the automatic stay seeks to preserve the assets of the debtor and to provide an equitable procedure for all creditors. *In re Holtkamp*, 669 F.2d 505, 508 (7th Cir. 1982). Other factors that bankruptcy courts consider in determining whether "cause" exists to modify the automatic stay in order to permit a creditor to pursue litigation in a nonbankruptcy forum are the

following: (1) whether issues in pending litigation involve only state law, so that expertise of the bankruptcy court is unnecessary; (2) whether modifying the stay will promote judicial economy, and whether there will be greater interference with the bankruptcy case if the stay is not lifted because matters will have to be litigated in the bankruptcy court; and (3) whether the estate can be protected by a requirement that creditors seek enforcement of any judgment through the bankruptcy court. 11 U.S.C. § 362(d)(1). *Ivester v. Miller, supra.*

20. Here, Parallel respectfully submits that consideration of the above factors militates overwhelmingly in favor of entry of an order permitting Parallel to continue the California Action based on consideration of the following:

a. No party or creditor will suffer unfair prejudice if the stay is lifted. Parallel is willing to continue the California Action and seek to unwind the Asset Transfer Agreement for the benefit all of Seven Arts' creditors. Under these circumstances, there can be no argument that Parallel is seeking to obtain a preference by continuing the California Action for its own benefit. To the contrary, if Parallel prevails in the California Action, all creditors of Seven Arts are benefited.

b. In the event it prevails in the California Action, Parallel will only seek recovery of fees and costs incurred to the extent that a recovery is obtained for the benefit of Seven Arts and its creditors.

c. With respect to the prospect of its success on the merits, Parallel respectfully refers the Court to the factual background set forth in its Motion to Continue Hearing On Petition for Recognition as a Foreign Main Proceeding Under Chapter 15 of the United States Bankruptcy Code and Objection to Recognition (Dkt. No. 21 at pp. 4-20), and exhibits theretos. Parallel's evidence clearly demonstrates that Seven Arts finalized the Asset Transfer Agreement only weeks after receiving Parallel's final demand letter threatening

liquidation proceedings in the Companies Court if Seven Arts did not repay a $1 million loan made in connection with the financing of a motion picture entitled "The Winter Queen." Further, the evidence also suggests Seven Arts mislead both its own shareholders and the United States Securities and Exchange Commission as to the nature of the Asset Transfer Agreement and the extent to which SAE would assume Seven Arts' liabilities, including the substantial liabilities owed to Parallel. The nefarious manner in which the asset transfers took place — and, more to the point, the manner in which the obligations to creditors such as Parallel, JonesFilm, and Arrowhead were not assumed by SAE, but left in the "empty shell" of Seven Arts — strongly suggests that the transfers were borne of fraudulent intent, and, accordingly, undertaken to "delay, hinder, or defraud" Parallel's attempt to enforce its rights as a creditor.

        d.      In light of the above, and given that only a "slight probability of success on the merits may be sufficient to support lifting an automatic stay" (*In re Continental Airlines, Inc.*, 152 B.R. at 426), Parallel respectfully submits that its strong probability of success is sufficient to support the requested modification of the stay.

        e.      Discovery in the California Action is also at an advanced stage. Parallel has substantially completed written discovery, has commenced depositions, including that of Seven Arts former COO (and SAE's current COO), Kate Hoffman, and plans to take the deposition of Elaine New (Seven Arts' former CFO and SAE's current CFO) in the United Kingdom, as well as that of Mr. Hoffman (Seven Arts' former CEO and SAE's current CEO and counsel), among others. Parallel has also engaged an expert witness to opine on the critical topic of whether Seven Arts received "reasonably equivalent" value in exchange for the transferred assets, and is in the process of finalizing its summary judgment papers as well as moving forward with its trial preparations.

   f. The issues presented in the matter arise solely under California law and the California court is perfectly capable of determining the scope and effect of those laws.

   g. No harm flows to the debtor by proceeding with this action. The debtor is not a defendant or party. In fact, the only role the debtor will play is that it will reap the benefits if Parallel is successful.

   h. Judicial economy clearly will be promoted as this matter has been pending for some time. The issues have been joined and the only matters that have prevented moving forward with trial are the efforts of the defendant-transferees to use the filing of the Chapter 15 to delay the action and SAE's refusal to comply with basic discovery obligations, which has, to date, necessitated three motions to compel.

  21. Parallel also seeks relief from the 14 day stay imposed by Bankruptcy Rule 4001 on all orders granting relief from the automatic stay imposed by Section 362 of the Bankruptcy Code. Fed. R. Bankr. P. 4001(a)(3). Parallel submits that good cause exists to permit Parallel to continue prosecution of the California Action without delay in that the California Action is ready to be set for trial and any delay in moving forward can only harm the creditors of Seven Arts.

  22. No previous request for the relief sought in this motion has been made to this Court.

### Notice

  19. Parallel has caused a copy of this Motion to be served on all entities listed in the Initial Service List.

  WHEREFORE, based on the foregoing, Parallel respectfully requests that the Court enter an order confirming that the California Litigation is not stayed by 11 U.S.C. § 362. In the alternative, Parallel seeks an order (1) modifying the automatic stay to permit Parallel to continue the California Litigation for the benefit of Seven Arts' creditors and on the

understanding that Parallel will only seek to recover costs and fees unless it prevails in the California Action and there are proceeds from which costs and fees are recoverable; (2) waiving the 14-day stay imposed by Bankruptcy Rule 4001; and (3) awarding Parallel such other and further relief that this Court deems just and proper.

Dated: June 22, 2012

                              Respectfully Submitted,

                              BAKER, DONELSON, BEARMAN,
                              CALDWELL & BERKOWITZ, P.C.

                              /s/ Jan M. Hayden
                              Jan M. Hayden (#6672)
                              Steven A. Heath (*pro hace vice*)

                              Counsel for Parallel Media LLC

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
201 St. Charles Avenue
36th Floor
New Orleans, LA 70170
Tel:   (504) 566-5200
Fax:  (504) 636-4000

GODWIN HEATH LLP
1835 W. Olympic Boulevard
Suite 285E
Los Angeles, CA 90064
Tel:   (427) 276-4830
Fax:  (877) 486-5424